**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| CASEY BRADEN, #2386709, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:22-CV-00151-SDJ- |
| v. | § | CAN |
| | § | |
| COLLIN COUNTY DETENTION | § | |
| FACILITY, ET AL., | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Defendants Officer FNU Epperly-Prater, Lieutenant FNU Gann, Officer FNU Columbus, Officer FNU Tanuvasa, Officer FNU Metcalf, Sgt. FNU Denison, and Officer FNU Bergerson's Motion to Dismiss [Dkt. 33]. After reviewing the Motion to Dismiss, and all other relevant filings, the Court recommends the Motion to Dismiss be **GRANTED**, and Plaintiff's claims against all Defendants be dismissed as set forth herein.

**BACKGROUND**

On March 1, 2022, *pro se* Plaintiff Casey Braden, an inmate of the Texas Department of Criminal Justice, initiated the instant lawsuit pursuant to 42 U.S.C. § 1983, against Defendants Collin County Detention Facility ("CCDF"), Officer FNU Epperly-Prater, Lieutenant FNU Gann, Officer FNU Columbus, Officer FNU Tanuvasa, Officer FNU Metcalf, Sgt. FNU Denison, Officer FNU Bergerson, (the "Individual Defendants"), and Officer Gonzalez, (collectively with the Individual Defendants and CCDF, "Defendants") [Dkt. 1]. On April 8, 2022, the Court granted Plaintiff's motion to proceed *in forma pauperis* [Dkt. 6]. On March 8, 2022, having received the initial partial filing fee as required by the Prison Litigation Reform Act ("PLRA"), the Court ordered service [Dkt. 8].

*Summary of Plaintiff's Complaint*

Plaintiff was arrested and later convicted of injury to a child, disabled or elderly person causing serious bodily injury on February 17, 2021.[1]  Plaintiff's Complaint is a list of grievances regarding his "living conditions" during his confinement at CCDF stemming from these charges; Plaintiff alleges each of the Individual Defendants were aware of his living conditions [Dkt. 1 at 3-4].  More specifically, under "Statement of Claim," Plaintiff avers that he was subject to "biohazard environment with Black Mold and water" leading into his cell [Dkt. 1 at 5]; officers were engaging in "sexual intercourse" with other inmates [Dkt. 1 at 5]; he was only allowed one clean jumpsuit every seven days [Dkt. 1 at 7]; and one of the officers "kept placing inmates that tested positive for Covid19 [sic] in our dorm instead of a Covid 19 dorm, Placing all of us at risk of catching Covid19 [sic]" [Dkt. 1 at 7].  For relief, Plaintiff merely provides "I believe these constitutional violations amount to Ten (10) million dollars in functional currency of the united states" [Dkt. 1 at 5].

Relevant here, Plaintiff's Complaint is on the Court's standard Prisoner's Civil Rights Form, which includes a section, "Exhaustion of Grievance Procedures."  Plaintiff, while stating that "Yes" he had exhausted all steps of the institutional grievance procedure, failed to attach copies of any "step[s] of the grievance procedure with the response supplied by the institution" [Dkt. 1 at 3].  The Prisoner's Civil Rights Form clearly instructs Plaintiff to attach such copies.

---

[1] COLLIN COUNTY, *Case Details,* collincountytex.gov, https://apps2.collincountytx.gov/JudicialRecords/Case/CaseDetail?caseid=1705ea76-fc76-4a91-9c4b-7e4500ad94d2&nodeid=207&referrer=Search%7CSearch%7CMain%20Search%20Results%7CParty%7CCCR%2CCCV%2CFAM%2CPR%7C15%7C%7Cbraden%7Ccasey%7C15%7C1%7%7C1%7C1%7C1 (last visited Feb. 10, 2023).

## INDIVIDUAL DEFENDANTS' MOTION TO DISMISS

On August 3, 2022, the Individual Defendants filed a Motion to Dismiss [Dkt. 33][2], urging that Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6) because Plaintiff (1) failed to exhaust his administrative remedies through the Collin County Inmate Grievance Procedure prior to filing suit, (2) failed to plead any plausible § 1983 claims; and (3) failed to allege any claims that would overcome Individual Defendants entitlement to qualified immunity [Dkt. 33 at 7-13]. Attached to the Motion to Dismiss are documents relevant to the Individual Defendants' assertion that Plaintiff failed to exhaust his administrative remedies, including specifically the Inmate Grievance Process "Section 450.160" [Dkt. 31-1, (Exhibit 1)], which the Individual Defendants represent was in place during the relevant time and provided to Plaintiff, and Plaintiff's "Kiosk Requests" [Dkt. 33-2, (Exhibit 2)].[3]

On August 8, 2022, the Court ordered Plaintiff to file a response to the Individual Defendant's Motion [Dkt. 34]. Plaintiff acknowledged receipt of the Court's Order [Dkt. 35]. However, months have passed, and Plaintiff has failed to file any response.[4]

---

[2] The Individual Defendants' Motion to Dismiss notes that while service was accepted for Officer Columbus, no such person is employed at the Collin County Sheriff's Office. Notwithstanding, the Motion to Dismiss moves for dismissal of any claims against Officer Columbus. Moreover, no summons was issued by the Clerk's Office in response to the Court's Show Cause Order for Officer Gonzalez. Nevertheless, those claims against Officer Gonzalez are subject to dismissal for the same reasons as those against the remaining Individual Defendants. *Roa v. City of Denison*, No. 4:16-cv-00115, 2017 WL 9287012, at *18 (E.D. Tex. Aug. 19, 2017) (finding dismissal appropriate for unserved defendants "as defaulting and/or unserved defendants may generally derive the benefit of a defendant party's demonstration that the plaintiff has no cause of action.") (citing *Lewis v. Lynn*, 326 F.3d 766, 768 (5th Cir. 2001)), *report and recommendation adopted*, No. 4:16-cv-00115, 2017 WL 4675062 (E.D. Tex. Oct. 18, 2017).

[3] The Court takes judicial notice of the grievance process set forth in the policy, a public record. *See Prescott v. Plybol*, 855 F. App'x 952, 953 (5th Cir. 2021) (wherein the Fifth Circuit instructed courts that a defendant's motion to dismiss for failure to exhaust as required by the PLRA cannot be granted on a record that lacks any evidence as to the specific grievance policy in place at the relevant times for the relevant facilities).

[4] "A party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion." Eastern District of Texas Local Rule CV-7(d) (emphasis added). Because Plaintiff has not filed a response to Individual Defendant's Motion to Dismiss, the Court will presume Plaintiff does not controvert the facts set out in Defendant's Motion to Dismiss. *See id.*

***Federal Rule of Civil Procedure 12(b)(6)***

A Rule 12(b)(6) motion to dismiss argues that, irrespective of jurisdiction, the complaint fails to assert facts that give rise to legal liability of the defendant. FED. R. CIV. P. 12(b)(6). The Federal Rules of Civil Procedure require that each claim in a complaint include "a short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The claims must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012) (citation omitted). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citation omitted). Although a *pro se* plaintiff's pleadings must be read more liberally than those filed by an attorney, the complaint must nonetheless allege sufficient facts to demonstrate to the court that the plaintiff has at least a colorable claim. *See Bustos v. Martini Club, Inc.*, 599 F.3d 458, 465-66 (5th Cir. 2010).

***PLRA Exhaustion of Administrative Remedies***

A threshold issue raised by the Individual Defendants' Motion to Dismiss is whether Plaintiff exhausted his administrative remedies prior to filing suit. The PLRA provides that prisoners are required to exhaust their administrative remedies before filing suit. *Jones v. Bock*, 549 U.S. 199, 202 (2007). Specifically, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. *Emanuel v. Carden*, No. 3:15-CV-667-M (BT), 2018 WL 3054688, *2 (N.D. Tex. May 29, 2018) (citing *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003)), *report and recommendation adopted*, No. 3:15-CV-667-M (BT), 2018 WL 3046205 (N.D. Tex. June 20, 2018).

"Exhaustion is an affirmative defense, and the defendants have the burden of proving that the plaintiff failed to exhaust available administrative remedies." *Prescott,* 855 F. App'x at 953 (5th Cir. 2021). "Exhaustion is defined by the prison's grievance procedures, and courts neither may add to nor subtract from them." *Id*. (quoting *Cantwell v. Sterling*, 788 F.3d 507, 509 (5th Cir. 2015)).

Plaintiff was an inmate formerly housed at CCDF. CCDF has a grievance procedure available to inmates. The prisoner must pursue any grievance through all steps for his claim to be exhausted. The Individual Defendants argue that Plaintiff did not exhaust his administrative remedies before filing this suit [Dkt. 33 at 8-9]. More specifically, Individual Defendants aver "there is a clear grievance procedure for inmates and Plaintiff wholly failed to appeal the decision of his kiosk grievances" as outlined in the inmate grievance process, which is given to inmates,

including Plaintiff, upon arriving at CCDF [Dkt. 33 at 9]. The relevant inmate grievance policy,

specifically Section 450.160, attached to the Motion to Dismiss as Exhibit 1, states:

> **450.160 <u>INMATE GRIEVANCE</u>**
>
> Grounds for initiating a grievance include:
> i.      Violation of civil rights;
> ii.      Criminal act;
> iii.      Unjust denial or restriction of inmate privileges; and
> iv.      Prohibited act by facility staff.
>
> 1.      If an inmate believes s/he was subjected to an unfair or unjust circumstance or action, and feels there exists ground for a formal complaint, s/he may utilize the grievance procedure.
>
> 2.      An inmate wishing to file h/his complaint with the grievance board may approach the pod station and complete a grievance / complaint via the inmate Kiosk. Inmates housed in special areas may request grievance / complaint forms at meal times, or via intercom at any other time. As a safeguard against retaliation or prevention of meaningful relief, an inmate may request a grievance form from any member of the detention staff, or may request to speak directly with the housing lieutenant regarding the grievance. If any staff member is found to have taken reprisal towards any inmate for submitting a grievance, s/he will be subject to disciplinary action taken against him / her.
>
> 3.      The inmate will state the following information on the grievance form:
>      i.      The right or privilege violated;
>      ii.      Any persons involved;
>      iii.      Witnesses, if any;
>      iv.      Date of the occurrence; and
>      v.      Any pertinent details.
>
> 4.      The pod officer will help the inmate to complete the form, if necessary.
>
> 5.      Inmates will be instructed to present grievances/complaints of an emergency nature directly to the Pod Officer. If the pod officer determines that the grievance/complaint warrants immediate attention the pod officer will immediately contact the housing lieutenant.
>
> 6.      If it is a grievance the Housing Lieutenant/Detention Operations Captain will forward the grievance to the grievance board, which is comprised of the Admission/Release Captain, a Detention Operations Captain, and a Housing Lieutenant not involved with the grievance at hand.

7.  The board will be responsible for reviewing the grievance, investigating the situation, conducting interviews with any staff or inmates named in the grievance, and obtaining supplemental reports from involved staff, if any.

8.  If the nature of the grievance could potentially subject the inmate to personal injury or damages, appropriate action will be taken immediately.

9.  The board will provide a written interim response to the inmate within 15 days of the filing of the grievance.

10.  If a grievance is substantiated, meaningful relief such as; additional visitation and commissary privileges or reinstatement of goodtime, etc. shall be provided.

11.  The board will complete a grievance reply form, which will include all findings and any recommended actions to be taken, and forward all related paperwork to the Jail Administrator for review and acknowledgment.

12.  Upon return of the paperwork, the grievance board will ensure that the recommended action is carried out by the appropriate personnel. The board will also make two copies of the grievance and the grievance reply forms, forward one set to the process lieutenant for placement in the inmate's classification file, return one set of copies to the inmate (within 60 days of the filing of the grievance), and forward the original set to the detention administration secretary for file.

13.  ***An inmate may appeal the findings of the grievance to the Jail Administrator, who will make a decision on the issue. The decision will be final.***

14.  Information regarding a grievance proceeding will not be released unless approved by the detention administrator or the sheriff.

15.  If it is a complaint, each Captain will assign the complaint to the appropriate supervisor for an answer.

16.  The supervisor answering the complaint will return it to his or her Captain for approval when it is complete.

17.  If the answer is appropriate, the Captain will initial it and return it to the supervisor who answered the complaint

18.  The supervisor will route the complaint back to the inmate.

[Dkt. 31-1 at 1-3 (emphasis added)].

As detailed above, the CCDF grievance process is a two-step process, and notably, at the second step "[a]n inmate may appeal the findings of the grievance to the Jail Administrator, who will make a decision on the issue. The issue will be final" [Dkt. 31-1 at 2]. While Plaintiff checked the box pertaining to grievance procedures on his Complaint form [Dkt. 1 at 3], "Plaintiff has attached no affidavit nor proof that he exhausted all his remedies" [Dkt. 33 at 8-9]. A review of the Kiosk Requests provided by the Individual Defendants reflects Plaintiff did not complete the grievance process. Indeed, combing through the over 150 Kiosk Requests Plaintiff submitted during his time at CCDF, it appears that he never appealed a grievance [Dkt. 33-2]. Rather, Plaintiff would submit a Kiosk Request, he would then receive a response from CCDF, and the grievance would be "CLOSED" with no further action taken.

Plaintiff had ample time to review the Individual Defendants' Motion to Dismiss and their statement that his current pleading fails to provide proof regarding exhaustion of the grievance process. Nevertheless, he has failed to act or supplement his pleadings with any documents showing exhaustion. Plaintiff's failure to respond to the Motion, and thereby provide any evidence that he did fully comply with the grievance procedures further buttresses a finding that he has failed to exhaust.

To be clear, "[a]ll steps of the grievance procedure must be completed for a grievance to be considered exhausted," including pursuing appeals. *Givens v. Cerliano*, No. 6:20cv150, 2022 WL 17174457, at *3 (E.D. Tex. Sept. 14, 2022) (citing *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004)), *report and recommendation adopted*, No. 6:20-cv-00150, 2022 WL 17170946 (E.D. Tex. Nov. 22, 2022); *see also Redd v. Reeve*, No. 3:19-cv-00162, 2020 WL 833417, at *3 (W.D. La. Jan. 31, 2020) (collecting cases) ("Moreover, to the extent that language on the form or policy regarding subsequent step review is phrased in discretionary rather than mandatory terms,

the prisoner still must exhaust 'all' available steps"), *report and recommendation adopted*, No. 3:19-cv-00162, 2020 WL 837384 (W.D. La. Feb. 19, 2020); *see also Johnson v. Gusman*, No. 16-6639, 2017 WL 951954, at *3 (E.D. La. Mar. 10, 2017) (citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)) ("As a result, administrative remedies are not exhausted unless a prisoner pursued his grievance through the conclusion of a multi-step administrative remedy procedure."). "Absent an appeal, Plaintiff has failed to exhaust his administrative remedies," and "Plaintiff's claims should be dismissed." *Mitchell v. Denton Cnty. Sheriff's Office*, No. 4:18-cv-00343-RAS-CAN, 2021 WL 4025800, at *5-6 (E.D. Tex. Aug. 6, 2021) (granting defendant's motion to dismiss for failure to exhaust) (collecting cases), *report and recommendation adopted*, No. 4:18-cv-343, 2021 WL 3931116 (E.D. Tex. Sept. 1, 2021).[5]

### UNSERVED DEFENDANT CCDF

Also named as a Defendant in this cause is CCDF. CCDF remains unserved in this cause. However, even if CCDF had been properly served, it would be subject to *sua sponte* dismissal from this cause because it is a nonjural entity.[6]

This Court possesses the inherent authority to dismiss a party (or claims) *sua sponte*. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). Under the Federal Rules of Civil Procedure, a party in a lawsuit must have the capacity to be sued. FED. R. CIV. P. 17(b). "The capacity of an entity to be sued is 'determined by the law of the state in which the district court is held.'" *Hutchinson v. Box*, No. 4:10-CV-240, 2010 WL 5830499, at *1 (E.D. Tex. Aug. 20, 2010) (quoting FED. R. CIV. P. 17(b)), *report and recommendation adopted*, No. 4:10-CV-240, 2011 WL 839864 (E.D. Tex. Feb. 17,

---

[5] Application of exhaustion principles here would preclude Plaintiff from proceeding on any claim against any defendant in this case.

[6] The Individual Defendants note in their Motion that CCDF is non-jural entity [Dkt. 33 at 1 n. 2].

2011).  An agency or department of a state may not be sued unless it "enjoy[s] a separate legal existence." *Hebrew v. Gonzalez*, No. 21-20585, 2022 WL 1316214, at *1 (5th Cir. May 3, 2022) (per curiam) (quoting *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991)).  "In *Darby*, the Fifth Circuit held that 'unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself.'" *Halton v. Duplantis*, No. 3:12-CV-4274-B-BH, 2013 WL 1148758, at *4 (N.D. Tex. Mar. 1, 2013) (quoting *Darby*, 939 F.2d at 313), *report and recommendation adopted*, No. 3:12-CV-4274-B, 2013 WL 1155436 (N.D. Tex. Mar. 20, 2013). Plaintiff has the burden of showing a state department has capacity to be sued; "if a plaintiff fails to allege or demonstrate that such defendant is a separate legal entity having jural authority, then claims against that entity should be dismissed as frivolous and for failing to state a claim." *Rhodes v. Lewisville Police Dep't*, 4:20-CV-00007-SDJ-CAN, 2020 WL 8513792, at *3 (E.D. Tex. Dec. 2, 2020), *report and recommendation adopted*, 4:20-CV-007-SDJ, 2021 WL 515398 (E.D. Tex. Feb. 11, 2021).

Plaintiff has not alleged that CCDF has been granted the power to sue or be sued by Collin County.  The CCDF does not have a separate legal existence.  The Eastern District of Texas and other federal courts in Texas have repeatedly and consistently held that a county's jail or detention facility is a nonjural entity that is not amenable to suit.[7]  This Court has, in turn, applied this principle to CCDF in numerous prior cases, finding CCDF subject to dismissal due to its lack of

---

[7] *See, e.g.*, *White v. Ermatinger*, No. 3:21-CV-3037-D-BN, 2021 WL 6339266, at *2 (N.D. Tex. Dec. 9, 2021) ("this Court has previously held that the Ellis County Jail is not a jural entity."), *report and recommendation adopted*, No. 3:21-CV-3037-D, 2022 WL 94171 (N.D. Tex. Jan. 10, 2022); *Hatton v. Harris Cnty. Jail*, No. CV H-18-1948, 2019 WL 1858826, at *2 (S.D. Tex. Apr. 25, 2019) ("the Harris County Jail because it is not a separate legal entity from Harris County and therefore it lacks the legal capacity to be sued"); *West v. Lew Sterrett Just. Ctr. of Dallas Cnty.*, No. 1:15-CV-219-SS, 2015 WL 1651539, at *3 (W.D. Tex. Apr. 14, 2015) ("Federal courts in Texas have uniformly held that entities without a separate jural existence are not subject to suit-and specifically that the Lew Sterrett Justice Center is not a jural entity subject to suit").

jural existence. *See Marr v. Collin Cnty. Det. Ctr.*, No. 4:20-CV-273-RAS-KPJ, 2021 WL 4166945, at *3 (E.D. Tex. July 19, 2021) (collecting cases) ("As this Court has repeatedly held, the [Collin County] Detention Center is a non-jural entity."), *report and recommendation adopted*, No. 4:20-CV-273-RAS-KPJ, 2021 WL 4148954 (E.D. Tex. Sept. 11, 2021). Accordingly, Plaintiff's claims against CCDF may also be dismissed with prejudice because CCDF is a nonjural entity with no capacity to be sued.[8]

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned recommends that the Motion to Dismiss [Dkt. 33] be **GRANTED**, and Plaintiff's claims against the Individual Defendants be **DISMISSED**. The Court further *sua sponte* recommends that Plaintiff's claims against Officer Gonzalez and CCDF be **DISMISSED**.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district

---

[8] The Court recognizes that *pro se* plaintiffs are often allowed an opportunity to amend their complaint prior to dismissal where a non-jural entity is named; Plaintiff here has shown no inclination to prosecute his claims, thus the undersigned would recommend against permitting amendment. *See Fuller v. Henderson Cnty.*, No. 6:16CV1301, 2018 WL 4087559, at *2 (E.D. Tex. Aug. 6, 2018) (dismissing with prejudice plaintiff's claims against a non-jural entity), *report and recommendation adopted*, No. 6:16CV1301, 2018 WL 4053779 (E.D. Tex. Aug. 24, 2018).

court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 10th day of February, 2023.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE